

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-16112 |
| Plaintiff-Appellee, | D.C. Nos. 1:15-cv-00402-JMS-KJM 1:10-cr-00055-JMS |
| v. | |
| GABRIEL RUIZ SALCEDO, AKA Gabriel Salcedo-Ruiz, AKA Gabriel Ruiz Salcido, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Argued and Submitted October 10, 2017
Honolulu, Hawaii

Before: SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

Gabriel Salcedo appeals the denial of his 28 U.S.C. § 2255 motion to vacate,

set aside, or correct his life sentence for conspiracy to distribute and possess with

intent to distribute 50 grams or more of methamphetamine and attempt to possess

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 18 U.S.C. § 2. Before trial, the government filed a special information pursuant to 21 U.S.C. § 851 listing two prior felony drug convictions that increased Salcedo's sentence from a mandatory minimum of ten years to life imprisonment. The district court issued a certificate of appealability ("COA") on one question stemming from Salcedo's ineffective assistance of counsel claim: "Whether Salcedo could have prevented the Government from filing an Information pursuant to 21 U.S.C. § 851. Put differently, if Salcedo had indicated a desire to enter a guilty plea before the Government filed a § 851 Information, could he have entered that plea without providing the Government time to file that Information." We have jurisdiction pursuant to 28 U.S.C. § 2253(c). We review a district court's denial of a habeas corpus petition de novo, and we affirm.

To succeed on a claim of ineffective assistance, a habeas petitioner must prove that his "counsel's representation fell below an objective standard of reasonableness," and that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

2

Even assuming that counsel's representation was deficient, Salcedo cannot show a reasonable probability that, rather than proceeding to trial, he would have pled guilty prior to the government filing a § 851 special information. With no special information filed, Salcedo's mandatory minimum would have been 10 years, with a guideline range of 292 to 365 months. Salcedo never contested the district court's findings that he was unwilling to take a sentence of more than 20 years and that he still wanted to proceed to trial after his attorneys advised him of this range. Because Salcedo was never willing to take a sentence of more than 20 years and his minimum sentencing guideline range was well above 20 years, Salcedo would have still proceeded to trial even if the government did not or could not file a special information. Since Salcedo fails to demonstrate prejudice, we need not resolve the temporal requirements of § 851.

The district court did not err in denying Salcedo's petition.

**AFFIRMED.**